IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TROY ANTHONY SMOCKS** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv592 |
| | § | |
| U.S. DIST. CT., D.C. | § | |

**MEMORANDUM OPINION AND ORDER**

The above-entitled and numbered civil action filed pursuant to 28 U.S.C. § 2241 was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (Dkt. #9) on October 20, 2022. Petitioner timely filed objections (Dkt. #11).

In the Report and Recommendation, the Magistrate Judge concluded that Petitioner's Section 2241 petition is properly construed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, as Petitioner is challenging the legality of his conviction. Accordingly, she recommended that the case be transferred to the United States District Court for the District of Columbia, Washington, D.C., as it is the court that sentenced Petitioner after he pled guilty. *See United States v. Smocks*, No. 1:21cr198-TSC (D.C. Ct. Dec. 3, 2021) (Dkt. #67). Quite simply, a Section 2255 motion is the primary means of collaterally attacking a federal conviction and sentence, *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir 1990), and the United States District Court for the District of Columbia, as the sentencing court, is the appropriate court of jurisdiction over this matter.

In his objections, Petitioner suggests that he meets the requirements of the savings clause, and thus, should be able to bring a Section 2241 petition in the Eastern District of Texas as he claims

to reside in this District.[1]  A petitioner may bring a claim pursuant to Section 2241 by showing that a Section 2255 motion is inadequate to challenge the legality of his conviction or sentence. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). While the Court agrees that Petitioner's petition is properly construed as a Section 2255 motion,[2] it need not analyze whether Petitioner has met the savings clause provisions because Petitioner's residence – the InTown Suites located at 1240 West Trinity Mills Road, Carrollton, Texas, 75006 – is in Dallas County, Texas, not Collin or Denton County, Texas.[3]  Therefore, contrary to his statement in the objections (Dkt. #11, p. 2), Petitioner does not reside in the Eastern District of Texas, and this Court is not the appropriate court to consider a Section 2241 petition even if Petitioner met the requirements of the savings clause.[4]

Having conducted a *de novo* review and considered Petitioner's objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

---

[1] A Section 2241 petition, which concerns the implementation of a sentence or the prison authorities' determination of its duration, is appropriately filed in the district where the petitioner is incarcerated.  *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

[2] A Section 2241 petition is not a substitute for a Section 2255 motion.  *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000).  A section 2241 petition seeking to challenge the validity of a federal sentence must either be dismissed or construed as a Section 2255 motion.  *Id*.

[3] *See* Dallas Cnty. Appraisal Dist. website,  https://www.dallascad.org/,  Parcel ID 140775100A0020000.

[4] The Court notes that Petitioner filed "Emergency Motion for Oral Hearing on Petition for Writ of Habeas Corpus Ad Subjiciendum" (Dkt. #12) in the instant case.  Because this Court lacks jurisdiction over the case, the Court declines to rule on any pending motions.

It is therefore **ORDERED** that Petitioner's action is **TRANSFERRED** to the United States District Court for the District of Columbia, Washington, D.C., for further proceedings in accordance with the rules of that district.

**SIGNED this 17th day of November, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE